IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hula Dogs 2, LLC, d/b/a Pinky's, ) | |
| ) | Civil No. 2:11-CV-00452-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Town of Hollywood, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This matter is before the court on plaintiff's motion for a temporary restraining order, or in the alternative, a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Having thoroughly considered the written and oral submissions of the parties, the court finds that the business license issues—identified as such by both parties—raised in plaintiff's motion are quintessentially local land use issues. Accordingly, the court finds it appropriate to exercise Burford[1] abstention in this case pursuant to the Fourth Circuit's holding in MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008).[2]

---

[1] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

[2] "Thus, '[i]n cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances . . ., the district courts should abstain under the Burford doctrine to avoid interference with the State's or locality's land use policy.'" MLC Automotive, 532 F.3d at 282 (quoting Pomponio v. Fauquier Cnty. Bd. of Sup'rs, 21 F.3d 1319, 1328 (4th Cir. 1994) (en banc), overruled on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)).

The court **ABSTAINS** and stays the case pending resolution of these local land use issues in the Town of Hollywood's administrative process and the state courts.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**April 21, 2011
Charleston, South Carolina**

2