IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hula Dogs 2, LLC, d/b/a Pinky's, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Town of Hollywood, )<br>)<br>Defendant. )<br>_____ ) | Civil No. 2:11-CV-00452-DCN<br><br>**ORDER** |

This matter is before the court on plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Defendant filed a response in opposition. For the reasons set forth below, the court denies plaintiff's motion.

**I. BACKGROUND**

Plaintiff initially filed a pro se complaint in federal court on February 25, 2011. Plaintiff's counsel filed an amended complaint on March 2, 2011, providing the following limited facts. On or about December 30, 2010, plaintiff entered into a long-term lease for the commercial property located at 4213 Savannah Highway, Units A and B, Hollywood, South Carolina. The property is located in the commercial zoning district of Hollywood, and prior tenants operated a gas station, a night club, a liquor store, and a motel at the same location. On January 5, 2011, Mark White, the sole member of plaintiff Hula Dogs 2, LLC, appeared at the Town of Hollywood municipal building to obtain a business license. According to plaintiff, defendant

> engaged in a series of shifting, contradictory, and dilatory tactics to prevent issuing the business license because the Town objects to [plaintiff's]

1

> proposed use of the property to sell lawful adult material and provide live entertainment by exotic dancing. The Town has adopted a series of shifting, subjective standards designed to prevent the plaintiff from operating his businesses until such time as the Town can enact an ordinance barring the plaintiff's proposed use as an adult business.

Am. Compl. ¶ 11. Plaintiff claimed that defendant refused to issue plaintiff a business license and used its municipal powers to delay the opening of plaintiff's sexually-oriented businesses, so that it could pass ordinances banning such businesses and cause plaintiff's financial failure. Plaintiff claimed that defendant used its municipal powers to impose a prior restraint on constitutionally-protected speech. Plaintiff's amended complaint set forth the following four causes of action: (1) violation of plaintiff's First Amendment right to free expression by establishment of a prior restraint; (2) denial of equal protection of the law, in violation of the Fourteenth Amendment; (3) violation of plaintiff's procedural due process rights; and (4) violation of plaintiff's substantive due process rights. Plaintiff sought temporary and permanent injunctive relief, along with actual, incidental, consequential, and punitive damages. Plaintiff also sought attorney's fees pursuant to 42 U.S.C. § 1988.

On February 25, 2011, plaintiff filed a one-page pro se motion for a preliminary injunction pursuant to Rule 65. Plaintiff's counsel filed a more detailed motion seeking the same relief on March 2, 2011. Defendant filed a response in opposition, and the court held a hearing on April 15, 2011. On April 21, 2011, the undersigned issued an order, in which the court exercised Burford[1] abstention pursuant to the Fourth Circuit's holding in MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008). The

---

[1] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

court abstained and stayed the case pending resolution of local land use issues in the Town of Hollywood's administrative process and the state courts.

On April 26, 2011, plaintiff filed the motion for reconsideration now before the court. Plaintiff asserts that the court "overlooked," Mem. Supp. Mot. Recons. 1, the following two arguments made by plaintiff in its motion for injunctive relief: (1) Plaintiff's case is a First Amendment case and not simply a licensing or land use case, and (2) as a First Amendment case, "neither Burford nor MLC Automotive gives support for the trial court's decision to abstain." Mem. Supp. Mot. Recons. 5. On May 16, 2011, defendant filed a response in opposition, arguing that plaintiff's motion merely reiterates arguments made in its motion for injunctive relief and fails to show a clear error of law in the court's April 21, 2011 order.

## II.  DISCUSSION

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard courts may use to grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory

that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Id. (internal citation omitted).

The first two grounds found in Pacific Insurance are clearly inapplicable to plaintiff's motion; therefore, the court must determine whether its April 21, 2011 order must be amended "to correct a clear error of law or prevent manifest injustice." Plaintiff's arguments for amending the court's judgment are unpersuasive. The two arguments raised by plaintiff were previously considered and rejected by the court. In both plaintiff's reply to defendant's response in opposition to the motion for preliminary injunction, and plaintiff's oral argument at the April 15, 2011 hearing, plaintiff made the same First Amendment arguments it makes now in the instant motion for reconsideration, including references to City of Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750 (1988), and Shuttlesworth v. City of Birmingham, 394 U.S. 147 (1969).

Plaintiff's argument that the Fourth Circuit's holding in MCL Automotive does not support this court's exercise of abstention is likewise without merit. The court carefully considered whether Burford abstention was appropriate in this case and relied upon the following holding in MCL Automotive to render its decision:

> Thus, "[i]n cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, not involving the constitutional validity of the same and absent exceptional circumstances . . ., the district courts should abstain under the Burford doctrine to avoid interference with the State's or locality's land use policy."

532 F.3d at 282 (quoting Pomponio v. Fauquier Cnty. Bd. of Sup'rs, 21 F.3d 1319, 1328 (4th Cir. 1994) (en banc), overruled on other grounds by Quackenbush v. Allstate Ins.

4

Co., 517 U.S. 706 (1996); see also Order, April 21, 2011, ECF No. 32. The court will not entertain plaintiff's arguments for a second time. "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Crosswhite v. E.I. Dupont de Nemours & Co., No. 89-2915, 1990 WL 15686, at *1 (4th Cir. Feb. 12, 1990) (quoting Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

### III. CONCLUSION

For the reasons above, the court **DENIES** plaintiff's motion for reconsideration.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**August 1, 2011
Charleston, South Carolina**